# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00410-CR

**Daniel Veley, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM COUNTY COURT AT LAW NO. THREE OF TRAVIS COUNTY
### NO. C-1-CR-08-211383, HONORABLE DAVID CRAIN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Daniel Veley was charged with driving while intoxicated (DWI), second offense. *See* Tex. Penal Code Ann. § 49.04 (West 2003), § 49.09(a) (West Supp. 2009). A jury found Veley guilty of the offense, and the trial court assessed punishment at 90 days' imprisonment.

Veley filed a notice of appeal, but failed to file an appellate brief. This Court abated the appeal to allow the trial court to conduct a hearing to determine whether Veley desired to prosecute the appeal and whether retained counsel had abandoned the appeal. *See* Tex. R. App. P. 38.8(b)(2). Neither Veley nor his attorney appeared at the hearing, and the trial court found that Veley no longer desired to prosecute this appeal. Having considered the appeal without briefs, we affirm the judgment of conviction. *See* Tex. R. App. P. 38.8(b)(4) ("If the trial court has found that the appellant no longer desires to prosecute the appeal, . . . the appellate court may consider the appeal without briefs, as justice may require.").

According to the testimony presented at trial, Lieutenant Mirtha Mendoza of the Travis County Sheriff's Office was on patrol at approximately 3:00 a.m. on June 22, 2008, when she observed a vehicle run a red light and narrowly avoid a collision with another vehicle. Mendoza turned on her lights to initiate a traffic stop, but before she exited her own vehicle, the driver of the other vehicle, Veley, got out and began walking towards her, rubbing his face with his hands and repeating, "I'm sorry." Mendoza testified that Veley appeared disoriented, was not wearing shoes, and gave inconsistent or nonsensical answers to her questions. Based on her observations regarding Veley's erratic driving and behavior, Mendoza called for back-up from the DWI enforcement unit. When Veley stated that he had blacked out due to medication he was taking, Mendoza called EMS to the scene as well.

Deputy Jeff Ford, a DWI enforcement officer, arrived on the scene as Veley was being evaluated by EMS.[1] Ford testified that upon making contact with Veley, he detected a strong odor of alcoholic beverages and noticed that Veley was walking with "unsure balance."[2] Ford further testified that he attempted to conduct the horizontal-gaze-nystagmus ("HGN") test, a field sobriety test, on Veley. Ford observed two clues of intoxication in the first portion of the test, but was unable to complete the test because Veley refused to continue. Ford then attempted to conduct the walk-and-turn field sobriety test, but Veley refused to continue this test as well after losing his

---

[1] According to Mendoza, EMS ultimately determined that Veley was not in any physical danger. On the in-car video of the traffic stop, which was admitted into evidence, an individual from EMS can be heard stating that Veley smelled of "ETOH." Mendoza testified at trial that ETOH is a term for alcohol.

[2] Ford explained, "A person tends to walk very, very carefully when they're under the influence, according to my experience. They tend to stumble and may hesitate while taking steps. And this is something that I witnessed from Mr. Veley."

2

balance during the instruction phase. According to Ford, Veley "made a statement that he felt that he was incriminating himself and he didn't want to continue." Veley declined to perform any further field sobriety testing. Based on the smell of alcoholic beverages coming from Veley's breath, as well as his performance on the field sobriety tests, Ford reached the conclusion that Veley was intoxicated and arrested him for DWI. Throughout his detention and arrest, Veley maintained that he had not consumed any alcohol that evening. After his arrest, Veley refused to provide a breath or blood sample for alcohol testing.

The jury found Veley guilty of the offense of DWI, and the trial court assessed punishment at 90 days' imprisonment. Veley filed a notice of appeal, but has not filed an appellate brief. Given the trial court's finding that Veley no longer desires to prosecute this appeal, we consider this appeal without briefs. *See id.* We have reviewed the record and find no issue requiring reversal.

We affirm the judgment of conviction.

_____

Diane M. Henson, Justice

Before Justices Patterson, Puryear and Henson

Affirmed

Filed: June 11, 2010

Do Not Publish

3